

1  KENNETH G. EADE (SBN 93774)
   keneade@gmail.com
2  LAW OFFICE OF KENNETH G. EADE
3  6399 Wilshire Blvd., Suite 507
   Los Angeles, CA  90048
4  Telephone:  323-782-8802
5  Facsimile:  323-407-1394

6  Attorney for Plaintiff
   ZIRK DE MAISON
7



8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  ZIRK DE MAISON,                    Case No. EDCV13-1165 JGB(DTBx)

12              Plaintiff,

13      v.

14  RICHARD BERMAN, an individual,      **COMPLAINT FOR**
15  DOMINICK D'ALLEVA, an individual,
    AMERICAN REGISTRAR AND              **1. SECURITIES FRAUD**
16  TRANSFER CO., a Utah corporation,   **2. SECURITIES FRAUD**
    and DOES 1 through 10, inclusive,   **3. RESCISSION (SEA 29(b))**
17                                      **4. COMMON LAW RESCISSION**
18              Defendants.             **5. DECLARATORY AND**
                                        **   INJUNCTIVE RELIEF**
19                                      **6. COMMON LAW FRAUD**

20

21

22

23

24

25

26

27

28

                                        VERIFIED COMPLAINT

Plaintiff, ZIRK DE MAISON, an individual, hereby alleges as follows:

## **PRELIMINARY ALLEGATIONS**

1.      Plaintiff ZIRK DE MAISON, is an individual, a citizen of the State of California, and a resident of the county of San Bernardino, State of California. Plaintiff is a director of LUSTROS, INC. ("LUSTROS"), a corporation, duly formed and existing under the laws of the State of Utah, with its principal place of business in the county of San Bernardino, State of California, whose common stock is registered under Section 12(g) of the Securities Act of 1934 ("SEA"), and trades over-the-counter under the trading symbol, "LSLD".

2.      Defendant RICHARD BERMAN ("Berman") is an individual, and citizen of the State of New York, and is also a director of LUSTROS.

3.      Defendant AMERICAN REGISTRAR AND TRANSFER CO. ("ARTCO") is a corporation, duly formed and existing under the laws of the State of Utah, with its principal place of business in Salt Lake City, Utah, and is the stock transfer agent for LUSTROS.

4.      Defendant DOMINICK D'ALLEVA, is an individual, and citizen of the State of New York, and the assignee and current holder of the Shares, having been assigned the Shares by Berman.

5.      Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names.

6.      This Court has jurisdiction over this case pursuant to 28 USC §1331 (federal question), 15 USC §78j and 17 CFR §240.10b-5 promulgated thereunder and 28 USC section 1332 (Diversity). The amount in controversy exceeds $75,000.

7.      The Court has personal jurisdiction over the Defendants and venue is proper under the Securities Exchange Act of 1934, by reason of the fact that the Defendants entered into a contract in this judicial district.

- 2 -

1    8.    On or about August 8, 2012, Plaintiff transferred and sold to Defendant

2  Berman 1 million common shares of LUSTROS (the "Shares"), on the express promise

3  that Berman would raise $10 Million for LUSTROS, and would not sell the Shares until

4  such time as a genuine trading market was established for LUSTROS' common stock.

5

6                    **FIRST COUNT FOR SECURITIES FRAUD**

7                     **(By Plaintiff against Defendant Berman)**

8    9.    Plaintiff hereby repeats and realleges each and every allegation contained

9  within Paragraphs 1 through 8, and incorporates the same by reference as though set forth

10  in full herein.

11   10.   At all times hereinmentioned, Berman, as a director of LUSTROS, owed a

12  fiduciary duty to LUSTROS and to all of the directors of LUSTROS, including the

13  Plaintiff, to disclose all material facts that an investor would deem to be material in the

14  transfer of the shares from Plaintiff to Berman.

15   11.   On or about August 8, 2012, in the United States of America, by an

16  instrumentality of interstate commerce (interstate telephone communications) Berman

17  represented and promised to Plaintiff ZIRK DE MAISON that, if granted the Shares, he

18  would raise up to $10 Million for LUSTROS.  On August 8, 2012, he further represented

19  and promised to Plaintiff ZIRK DE MAISON by an instrument of interstate commerce

20  (email) that he would not sell the Shares until such time as a genuine market had been

21  established for LUSTROS common stock (collectively "representations").   Also on

22  August 8, 2013, Berman omitted and failed to disclose that he secretly intended to

23  dispose of the Shares as collateral for a stockholder loan as soon as he received them.

24  From August 8, 2012 to the present time, LUSTROS common stock has had a volatile

25  market that trades by appointment only on the over-the-counter market.   The above-

26  referenced representations made by Berman were false.  The true facts were that Berman

27  could not and did not intend to raise up to $10 Million for LUSTROS, did not intend to

28

- 3 -

1    hold the Shares until a genuine market developed, and secretly intended to dispose of the

2    Shares as soon as he got them for a quick profit ("omissions").

3           12.    In reliance upon Defendant's false representations and omissions as

4    hereinabove set forth and in consideration of the promises made by Berman, Plaintiff sold

5    and transferred the Shares to Berman. The false representations and omissions were

6    material because, if Plaintiff had known that Defendant had no intention to raise money

7    for LUSTROS, and no intention to hold the Shares until a genuine market developed,

8    Plaintiff would not have transferred the Shares, because to do so will only result in a

9    more volatile market for LUSTROS common stock and because consideration would

10    have completely failed for the transfer and sale.

11           13.    The above-referenced representations and omissions were made by Berman

12    by telephone and email. A true copy of the email is attached hereto and incorporated by

13    reference herein as Exhibit 1. The false representations and omissions were made by

14    Berman in order to induce Plaintiff to transfer the Shares to Berman.

15           14.    The above-referenced false representations and omissions and course of

16    deceptive conduct were false and constitute an "artifice to defraud" Plaintiff, in violation

17    of Section 10(b) of the SEA ("Section 10(b)") and 17 CFR §240.10b-5 (hereinafter

18    "Rule 10b-5") promulgated thereunder.

19           15.    Defendant Berman knew that the above-referenced representations and

20    omissions were false when made and made the representations and omissions of material

21    facts in order to induce Plaintiff to transfer the Shares. Defendant made such

22    representations and omitted such material facts with the intent to defraud the Plaintiff.

23           16.    As an actual and proximate cause of the fraud perpetrated upon Plaintiff as

24    herein described, Plaintiff transferred the Shares to Berman.

25           17.    In furtherance of the fraudulent scheme, Plaintiff is informed and believes

26    that Berman transferred the Shares (represented by certificate 4392) to Defendant

27    DOMINICK D'ALLEVA, in order pay off a loan from Defendant D'Alleva. Attached

28

1   hereto and incorporated by reference herein as <u>Exhibit 2</u> is an email from Berman to the
2   Plaintiff, indicating Berman's intentions to use the stock as collateral for a shareholder
3   loan, and Plaintiff's response that the lender would hedge its position by selling the
4   Shares.

5       18.   As a proximate result of Defendants' violation of Section 10(b) and
6   Rule 10b-5 promulgated thereunder, Plaintiff has suffered damages consisting of the loss
7   of the Shares, to be proven at trial, and the loss of the Shares to cover any trades that
8   Plaintiff has effected in LUSTROS common stock.

9       19.   Plaintiff has incurred and will continue to incur reasonable attorney's fees
10  for the prosecution of this action.

11

12                  **SECOND COUNT FOR SECURITIES FRAUD**
13          **(by Plaintiff against Defendant D'Alleva and DOES 1 through 10)**

14      20.   Plaintiff hereby repeats and realleges each and every allegation contained
15  within Paragraphs 1 through 8 and 10 through 19, and incorporates the same by reference
16  as though set forth in full herein.

17      21.   When Defendant D'Alleva accepted the Shares from Berman, he did so with
18  the express intention of taking those Shares and selling them immediately on the open
19  market. Defendant D'Alleva knew that the Shares were restricted, did not fit within any
20  exemption to the registration requirements of Section 5 of the Securities Act of 1933, and
21  made an agreement with Berman to purchase the Shares, with the intention of removing
22  the legends and immediately selling them on the open market, knowing that such activity
23  was a violation of sections 5 and 17 of the Securities Act, and section 10(b) of the
24  Securities and Exchange Act.

25      22.   Plaintiff has been informed and believes that Defendant D'Alleva is acting
26  as an underwriter for the Shares, in violation of Section 5 and Section 17 of the Securities

27

28

- 5 -

VERIFIED COMPLAINT

1  Act of 1933, and that such scheme is a violation of Section 10(b) of the Securities
2  Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

3       23.    As a proximate result of Defendants' violation of Section 10(b) and
4  Rule 10b-5 promulgated thereunder, Plaintiff has suffered damages consisting of the loss
5  of the Shares, to be proven at trial, and the loss of the Shares to cover any trades that
6  Plaintiff has effected in LUSTROS common stock.

## THIRD COUNT FOR RESCISSION UNDER
## SECURITIES EXCHANGE ACT SECTION 29(b)
### (by Plaintiff against Defendant Berman and DOES 1 through 10)

11       24.    Plaintiff hereby repeats and realleges each and every allegation contained
12  within Paragraphs 1 through 8 and 10 through 19, and 21 through 23, and incorporates
13  the same by reference as though set forth in full herein.

14       25.    Pursuant to Section 29(b) of the Securities Exchange Act of 1934, every
15  contract made in violation of the Act, or any rule or regulation thereunder, is void.

16       26.    The contract of transfer between Plaintiff and Berman having been made in
17  violation of the Act, it is void pursuant to Section 29(b) thereof, and the transaction
18  should be rescinded.

## FOURTH COUNT FOR COMMON LAW RESCISSION
### (Against Defendant Berman and DOES 1 through 10)

22       27.    Plaintiff hereby repeats and realleges each and every allegation contained
23  within Paragraphs 1 through 8 and 9 through 19, and 21 through 23, and incorporates the
24  same by reference as though set forth in full herein.

25       28.    On or about August 8, 2012, with the intent to deceive Plaintiff, Defendant
26  induced Plaintiff to agree to transfer the Shares without consideration.

VERIFIED COMPLAINT

1    29.    Plaintiff had no knowledge of said injury caused by the Defendant until after

2    Defendant had pledged the Shares and its lender had sold them short on the open market.

3    30.    On or about June 7, 2013, Plaintiff sent to letter to Defendant Berman,

4    which included a notice of rescission of the above-mentioned agreement.  A true copy of

5    said letter is attached hereto and incorporated by reference herein as Exhibit 3.

6    31.    Plaintiff will suffer irreparable and substantial harm if the Shares are not

7    returned, in that the common stock of LUSTROS is very thinly traded, trades by

8    appointment, and there is a lack of supply of free trading stock in the market.  Unless the

9    Shares are returned, Plaintiff will be left unable to cover any trades in the common stock

10   of LUSTROS.

11

12   **FOURTH COUNT FOR DECLARATORY AND INJUNCTIVE RELIEF**

13   **(By Plaintiff against All Defendants)**

14   32.    Plaintiff hereby repeats and realleges each and every allegation contained

15   within Paragraphs 1 through 8 and 10 through 19, and 21 through 23, and incorporates

16   the same by reference as though set forth in full herein.

17   33.    An actual controversy has arisen and now exists between Plaintiff and

18   Defendants, whereby Plaintiff contends:

19         a.  That Defendants' consideration for the transfer of the Shares has

20             failed, and Defendants have a duty to transfer the Shares back to

21             Plaintiff by reason of failure of consideration and fraud.

22         b.  Defendant D'Alleva holds the Shares as a constructive trustee, for the

23             benefit of the Plaintiff, with an immediate duty to return the Shares to

24             Plaintiff.

25   Plaintiff is informed and believes that Defendants contend that they had the right to

26   transfer the Shares as they saw fit, without regard to the promises they made to induce the

27   transfer of the Shares, and without consideration.

28

1      34.    An actual controversy has arisen and now exists between Plaintiff and

2  Defendant ARTCO, whereby Plaintiff contends that ARTCO has a duty not to remove

3  restrictive legends from the certificates representing the Shares, and ARTCO contends

4  that it has an immediate duty to transfer the Shares under the Uniform Commercial Code

5  under threat of litigation from the Defendant.

6      35.    The common stock of LUSTROS is very thinly traded, trades by

7  appointment, and there is a lack of supply of free trading stock in the market. Defendant

8  intends to present the Shares to a broker for an immediate sale, and intends to request the

9  removal of the restrictive legends from the certificates representing the Shares. Unless

10  enjoined and restrained from removing the legends from the certificates representing the

11  Shares and selling the Shares, the Defendants will sell all of the Shares into the thinly

12  traded public market, and Plaintiff would suffer irreparable injury, resulting in a total loss

13  of value of Plaintiff's investments in LUSTROS.

14      36.    Plaintiff has no adequate remedy at law for the injuries currently being

15  suffered and will suffer irreparable and permanent injury in that, unless Defendants are

16  enjoined and restrained from transferring the certificates representing the Shares and

17  selling the Shares, he will lose his ability to cover any trades in LUSTROS common

18  stock.

19

20                  **SIXTH COUNT FOR COMMON LAW FRAUD**

21            **(by Plaintiff against Defendants Berman and DOES 1 through 10)**

22      37.    Plaintiff hereby repeats and realleges each and every allegation contained

23  within Paragraphs 1 through 8 and 10 through 19, and 21 through 23, and incorporates

24  the same by reference as though set forth in full herein.

25      38.    When the Defendant Berman made the above-referenced misrepresentations

26  and omissions of material fact he knew them to be false, and these representations were

27

28

1   made by Defendant with the intent to defraud and deceive Plaintiff and with the intent to
2   induce Plaintiff to act in the manner herein alleged.

3   39.   At the time the misrepresentations and omissions of material fact were made
4   by Defendant and at the time Plaintiff took the actions herein alleged, Plaintiff was
5   ignorant of the falsity of Defendants' misrepresentations and believed them to be true,
6   and was ignorant of Defendant's omissions of material fact and misrepresentations and
7   could not, in the exercise of reasonable diligence, have discovered that Defendant
8   Berman secretly intended to immediately liquidate the Shares.  Plaintiff was justified in
9   relying upon Defendant's misrepresentations and omissions due to the fact that
10  Defendant Berman stood in a position of a fiduciary relationship with the Plaintiff.  In
11  reliance on the said misrepresentations and omissions of material fact, Plaintiff was
12  induced to and did transfer the Shares to Berman, based on his promise to raise capital for
13  LUSTROS and not to sell the Shares until such time as a genuine market had been
14  established for them.  Had the Plaintiff known of the actual facts and the actual intentions
15  of Defendants, Plaintiff would not have taken such action.

16  40.   As a proximate result of Defendants' fraud and deceit and the facts herein
17  alleged, Plaintiff has suffered damages in an amount exceeding $75,000, to be proven at
18  trial.

19  41.   In doing the acts herein alleged, Defendants acted with oppression, fraud,
20  and malice, and Plaintiff is entitled to punitive and exemplary damages, according to
21  proof.

22

23  WHEREFORE, Plaintiff prays for relief as follows:

24  1.   For an order requiring Defendants to show cause, if any they have, why they
25  should not be enjoined and restrained as hereinafter set forth, during the pendency of this
26  action;

27

28

- 9 -

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them:

       a. From violating the Securities Act of 1933;

       b. From removing restrictive legends on the certificates representing the Shares;

       c. From selling or transferring any of the Shares;

3. For a determination by the Court that the transfer of the Shares has been rescinded, and ordering restitution of the Shares to the Plaintiff or their equivalent value in cash;

4. For a declaration that ARTCO has the duty not to remove restrictive legends on the certificates representing the Shares;

5. For a declaration that Defendant D'Alleva holds the Shares as a constructive trustee for the Plaintiff, with the immediate duty to transfer them to Plaintiff;`

6. For compensatory damages according to proof;

7. For punitive and exemplary damages according to proof; and

8. For reasonable attorney's fees.


DATED: June 27, 2013           Respectfully submitted,

                                      KENNETH EADE (SBN 93774),
                                      Attorney for Plaintiff

VERIFIED COMPLAINT

1

2

## **VERIFICATION**

3    I, the undersigned Plaintiff, resident of the United States and resident of the state of

4    California, have read the foregoing Verified Complaint and declare under penalty of

5    perjury, under the laws of the State of California, that the foregoing is true and correct.

6

7    Signed this 27th day of June 2013, at Redlands, California.

8

9

10   _____

11   ZIRK DE MAISON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

---------- Forwarded message ----------
From: **Zirk Engelbrecht** <zirk@lustros.com>
Date: Wed, Aug 8, 2012 at 9:08 AM
Subject: Re: SHARES
To: Richard Berman <richardjberman@gmail.com>


Which is worth more than gold

Zirk Engelbrecht
Chairman & CEO: Lustros Inc.
1005 South Center Street
Redlands CA 92373

Cell: 702-858-6800
Fax: 866-429-9029


On Wed, Aug 8, 2012 at 9:07 AM, Richard Berman <richardjberman@gmail.com> wrote:
> YOU HAVE MY WORD!  RICHARD

>
> -----Original Message-----
> From: zengelbrecht@gmail.com [mailto:zengelbrecht@gmail.com] On Behalf Of
> Zirk Engelbrecht
> Sent: Wednesday, August 08, 2012 11:30 AM
> To: Richard Berman
> Subject: Re: SHARES
>
> Coming in a few different certs Richard. First one will go out on Friday. I
> have to give assurance to the other directors that all bought the stock that
> you will not sell the shares till there is a real market for them. I have to
> give my word Richard. Please confirm that that is OK> Bull Hlavin has $2
> million in and Bob dICKEY HAS $3 MILLION IN. i HAVE TO PROTECT THEM.
>
> Your friend from California, Turks and Caicos, Las Vegas, Chile and United
> Airlines.
>
> Zirk Engelbrecht
> Chairman & CEO: Lustros Inc.
> 1005 South Center Street
> Redlands CA 92373
>
> Cell: 702-858-6800
> Fax: 866-429-9029
>

>
> On Wed, Aug 8, 2012 at 8:04 AM, Richard Berman <richardjberman@gmail.com>
> wrote:
>> ZIRK,  ARE MY SHARES COMING SOON?   WILL BE TALKING TO PAULA SHORTLY RE
>> LUSTROS...
>

--
Law Office of Kenneth Eade
6399 Wilshire Blvd. suite 507
Los Angeles, CA  90048
http://kennethgeade.org
**+1 323-782-8802**
+1 323-704-3539 fax

This is a privileged communication from the Law Office of Kenneth Eade and contains privileged attorney client information.  If you are not the intended recipient, please contact us and delete the message from your database.

EXHIBIT 2

---------- Forwarded message ----------
From: **Zirk Engelbrecht** <zengelbrecht@gmail.com>
Date: Wed, Aug 29, 2012 at 12:57 PM
Subject: RE: RICHARD BERMAN RESUME v2
To: Richard Berman <richardjberman@gmail.com>

Hi Richard.
This is a problem. They will 100 percent sure hedge the entire position immediately which means I have to buy $700,000 worth of stock just to protect the price. I had to give my word that we will all sell at the same time.
Let's talk but this is a very bad way. It will surety kill all financing

Zirk Engelbrecht
Lustros Inc.
+1-909-213-9888

Sent from cell phone. Please expect brief messages.

----- Original Message -----
From: Richard Berman <richardjberman@gmail.com>
To: Zirk Engelbrecht <zirk@lustros.com>
Sent: 08/29/2012 12:06 PM
Subject: FW: RICHARD BERMAN RESUME v2

ZIRK, WOULD PROBABLY DO ONE AND MAKE SOME OTHER FEES AND LAY LOW FOR 2 YEARS UNTIL I SELL SOMETHING

OUT OF A VERY SUCCESSFUL DEAL.  FONDLY,

**From:** Joseph Duston [mailto:jduston@roswellcapital.com]
**Sent:** Tuesday, August 28, 2012 4:28 PM
**To:** Richard Berman
**Subject:** RE: RICHARD BERMAN RESUME v2

Hi Richard,

I spoke with Jeff Smith at Equities First Holdings regarding the stock loan. He said that they would estimate being able to provide about $550k over a 2 week period for 700k shares of (LSLD). Then you can revisit after 90 days and do the same structure again as you wish.

Please feel free to contact Jeff directly. I hope this helps.

Jeff Smith
Managing Director
Equities First Holdings
Office: 317.429.3500

jsmith@equitiesfirst.com
www.equitiesfirst.com

Best Regards,

Joseph A. Duston
Roswell Capital Securities, LLC
1120 Sanctuary Parkway, Suite 325
Alpharetta, GA 30009
tel: 770.640.8130
fax: 770.777.5844
www.roswellcapital.com
jduston@roswellcapital.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may
be a private-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient
or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately
by e-mail, and delete the original message. Thank you.

**From:** Richard Berman [mailto:richardjberman@gmail.com]
**Sent:** Tuesday, August 28, 2012 3:40 PM
**To:** Joseph Duston
**Subject:** FW: RICHARD BERMAN RESUME v2

JOE,  FYI.....RICHARD

**From:** Richard Berman [mailto:richardjberman@gmail.com]
**Sent:** Wednesday, August 22, 2012 11:39 AM
**To:** richardjberman@gmail.com
**Subject:** FW: RICHARD BERMAN RESUME v2


**From:** Richard Berman [mailto:richardjberman@gmail.com]
**Sent:** Wednesday, August 01, 2012 12:15 PM
**To:** RICHARDJBERMAN@GMAIL.COM
**Subject:** RICHARD BERMAN RESUME v2

EXHIBIT 3

Kenneth G. Eade
Attorney at Law
6399 Wilshire Blvd., Suite 507
Los Angeles, California 90048
(323) 782-8802 Fax: (323) 704-3539
keneade@gmail.com

June 7, 2013

BY EMAIL & U.S. MAIL

Richard Berman
420 Lexington Ave.
Suite 350
New York, NY  10170
Email:  richardjberman@gmail.com

**Re:    Common Stock in Lustros, Inc.**

Dear Mr. Berman:

The undersigned represents Zirk Engelbrecht, director of Lustros, Inc. When you agreed to serve as director in August 2012, it was under the premise that you had experience in structuring, developing, and financing public companies. In particular, your experience as an investment banker and your specific promises to raise $10 Million in capital for the Company formed the basis for Mr. Engelbrecht's transfer of 1 million shares of common stock to you and your nomination as a director. To date, you have not raised any capital for the Company and you currently hold a certificate for 1 million shares of common stock which shares are, as of this date, unearned.

Mr. Engelbrecht is aware that the certificate is the subject of a shareholder loan, which your lender has apparently sold the stock short to hedge. There is no exemption available from the registration requirements of the Securities Act of 1933 to transfer this certificate to your lender.

You owe fiduciary duties to the Company as a director to honor your commitments. A breach of those fiduciary duties creates liability on your part for actual and punitive damages. In particular, before you were granted 1 million shares of common stock you promised the board of directors, who not only purchased their shares of stock, but some of whom have put millions of dollars of capital into the Company, that you would not sell your stock until such time as the Company has developed a stable trading market. You gave your word, which is memorialized in writing, on August 8, 2012, then immediately put up your stock as collateral for a stock loan, even though you were warned by representatives of the Company's board of directors that the loan position would be hedged by the lender (which you knew) and the stock would be sold short.

In further breach of your fiduciary duties to the Company, you have not complied with your obligations under Section 16(a) of the Securities and Exchange Act to file a Form 3 to report your acquisition of the shares, nor have you filed a Form 4 to disclose that you have pledged those shares as a loan, which has been hedged by your lender or an annual statement of your ownership on Form 5. This is a serious violation of the securities laws which impacts on the Company and reveals not only your irresponsibility as a director, but your true intentions with regard to the stock.

Moreover, you have also represented yourself to the Company as an "independent" director, which has legal significance as well. As an independent director, you are bound to not have any interests which would interfere with the exercise of independent judgment in carrying out the responsibilities of a director. In this case, you have shown to have adverse interests to the Company, not only in breaching your fiduciary duties, but in holding pursuing your own financial interests with regard to the pledging of your stock regardless of how it will impact the current volatile market of the Company's common stock.

Mr. Engelbrecht hereby puts you on notice that the stock grant to you is rescinded on the grounds of fraud and failure of consideration. Demand is hereby made upon you to immediately return the 1 million unearned shares. Your failure to do so will subject you to a federal court lawsuit to recover the shares and for damages. You may send the certificate by fedex or certified mail to my office at the above address. Mr. Engelbrecht also demands you to resign from the board of directors before action is taken to remove you. Please govern yourself accordingly.

KENNETH G. EADE

cc: Zirk Engelbrecht

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1165 JGB (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ZIRK DE MAISON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

RICHARD BERMAN, DOMINICK D'ALLEVA, AMERICAN REGISTRAR AND TRANSFER CO., and DOES 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

KENNETH G. EADE, ESQ. (SBN 39774)
LAW OFFICE OF KENNETH G. EADE
6399 WILSHIRE BLVD., SUITE 507, LOS ANGELES, CA 90048
TEL: (323) 782-8802 FAX: (323) 704-3539

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 10(b) of the SEA & 17 CFR §240.10b-5 (Securities Fraud); Securities Exchange Act of 1934 Section 29(b) (Rescission).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☒ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: EDCV13-1165

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York (2) <br> Utah |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 06/27/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |